IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

LISSA YELLOW BIRD-CHASE

        Plaintiff,

        v.

THE UNITED STATES OF AMERICA,

        Defendant.

Case No. 1:22-cv-00156-DMT-CRH

**ANSWER**

The United States of America ("United States"), by Jennifer Klemetsrud Puhl, United States Attorney for the District of North Dakota, and Michael D. Schoepf and Melissa Helen Burkland, Assistant United States Attorneys, submits this Answer to the Complaint filed by Plaintiff Lissa Yellow Bird-Chase ("Yellow Bird-Chase").

The United States denies all allegations in the Complaint unless admitted, qualified, or otherwise explained herein.

## PRELIMINARY STATEMENT

1. The United States admits the allegations in Paragraph 1.

2. The United States admits the allegations in Paragraph 2.

3. The United States admits the allegations in Paragraph 3.

4. The United States admits that Yellow Bird-Chase "is more than a statistic." The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8.      The United States admits that Yellow Bird-Chase was transported by BIA law enforcement to the Standing Rock Detention Center. The United States denies the remaining allegations in Paragraph 8.

9.      The United States denies that the Federal Tort Claims Act ("FTCA") was made to address situations like this, and that Yellow Bird-Chase is entitled to any relief under the FTCA. The United States admits that, if all conditions are met, the FTCA provides a narrowly tailored waiver of the United States' sovereign immunity as a means of redress for individuals who have been injured by the negligent acts of a United States' employee acting within the scope of employment.

10.     Paragraph 10 is a characterization of Yellow Bird-Chase's intentions and does not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Paragraph 11 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 11.

12.     Paragraph 12 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 12.

13.     The United States admits the allegations in Paragraph 13.

14.     The United States admits that the Department of the Interior received an SF95 administrative tort claim from Yellow Bird-Chase on or about October 1, 2021, dated September 27, 2021, seeking $2,000,850 in claimed damages for loss of property and personal injuries.

15.     The United States admits that the Department of the Interior denied Yellow Bird-Chase's administrative claim on May 4, 2022.

16.     The United States admits that Exhibit 1 is an accurate copy of Page 1 of Yellow Bird-Chase's SF95, except for the redactions, and that Exhibit 2 is an accurate copy of the Department of the Interior's denial determination letter sent on May 4, 2022.

## **PARTIES**

17.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     The United States admits that the BIA is a Bureau within the United States Department of the Interior, and that the Department of the Interior is an Agency of the United States. The United States also admits that the "U.S. Department of the Interior protects and manages the Nation's natural resources and cultural heritage . . . and honors its trust responsibilities or special commitments to American Indians, Alaska Natives, and affiliated Island Communities."[1]  The United States further admits that "[t]he Bureau of Indian Affairs' mission is to enhance the quality of life, to promote economic opportunity, and to carry out the responsibility to protect and improve the trust assets of American Indians, Indian tribes and Alaska Natives."[2]

---

[1] *See* https://www.doi.gov/about#:~:text=About%20Interior-,Mission,Natives%2C%20and%20affiliated%20Island%20Communities., (last visited October 14, 2022).

[2] *See* https://www.bia.gov/bia (last visited October 14, 2022).

19.     The United States admits that the Standing Rock Detention Center is operated by the Bureau of Indian Affairs, and that the employees who work at the Standing Rock Detention Center are employed by the United States.

## FACTUAL ALLEGATIONS

20.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.      The United States admits that the BIA Office of Justice Services ("OJS") was contacted and a request was made to transport Yellow Bird-Chase to detention. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32.

33.      The United States admits that Yellow Bird-Chase was placed in handcuffs, and that she and her companion were transported in different cars. The United States also admits that the officers transporting Yellow Bird-Chase and her companion drove 1-2 miles before reaching the Standing Rock Reservation. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33.

34.      The United States admits the allegations in Paragraph 34. Yellow Bird-Chase and her companion were taken into the Standing Rock Detention Center at approximately 2:16 a.m. on February 6, 2021.

35.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.      The United States admits the allegations in Paragraph 36. Yellow Bird-Chase registered a 0.00% on a breathalyzer test at approximately 2:16 a.m. on February 6, 2021.

37.     The United States denies that Yellow Bird-Chase had $1,600 in cash on her person at the time of her arrest. The United States admits that Yellow Bird-Chase had marijuana on her person at the time of her arrest. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.

38.     The United States admits that Yellow Bird-Chase's handcuffs were removed when she arrived at the Standing Rock Detention Center.

39.     The United States admits that when she arrived at the Standing Rock Detention Center, Yellow Bird-Chase was directed to remove her coat, a pat search was conducted of her and her possessions, and her purse, including its contents, was taken into custody.  The United States denies the remaining allegations in Paragraph 39.

40.     The United States denies the allegations in Paragraph 40.

41.     The United States denies the allegations in Paragraph 41.

42.     The United States admits the allegations in Paragraph 42. The BIA OJS Corrections Handbook Section C2-20-03(D) provides guidance to detention staff related to strip searches that occur during booking and states that such strip searches should occur in a "private area."

43.     The United States denies the allegations in Paragraph 43.

44.     The United States denies the allegations in Paragraph 44.

45.     The United States denies the allegations in Paragraph 45.

46.     The United States denies the allegations in Paragraph 46.

47.     The United States denies the allegations in Paragraph 47.

48.     The United States denies the allegations in Paragraph 48.

49.     The United States denies the allegations in Paragraph 49.

50.     The United States denies the allegations in Paragraph 50.

51.     The United States denies the allegations in Paragraph 51.

52.     The United States admits that Yellow Bird-Chase, after removing her jacket and outerwear but while still fully clothed, was escorted down a hallway to another room. The United States denies the remaining allegations in Paragraph 52.

53.     The United States denies the allegations in Paragraph 53.

54.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations that Yellow Bird-Chase felt violated, shocked, or numb. The United States denies the remaining allegations in Paragraph 54.

55.     The United States admits the allegations in Paragraph 55.

56.     The United States admits that after they reached the private room, a female BIA Detention Officer conducted a strip search of Yellow Bird-Chase. The United States denies the remaining allegations in Paragraph 56.

57.     The United States admits the allegations in Paragraph 57.

58.     The United States admits that the BIA Detention Officer conducting the search then directed Yellow Bird-Chase to face away from her, squat, and cough a second time because the procedure was not performed correctly the first time. The United States denies the remaining allegations in Paragraph 58.

59.     The United States denies the allegations in Paragraph 59.

60.     The United States denies the allegations in Paragraph 60.

61.     The United States denies the allegations in Paragraph 61.

62.     The United States denies the allegations in Paragraph 62.

63. The United States admits that Yellow Bird-Chase was placed in Cell #11 Female Detox, and that she had previously registered 0.00% on a breathalyzer test. The United States denies the remaining allegations in Paragraph 63.

64. The United States denies the allegations in Paragraph 64. Yellow Bird-Chase was in Cell #11 Female Detox for approximately 10 hours and 30 minutes.

65. The United States denies the allegations in Paragraph 65. Two other inmates were placed in Cell #11 with Yellow Bird-Chase.

66. The United States denies the allegations in Paragraph 66.

67. The United States admits the allegations in Paragraph 67. BIA OJS Corrections Handbook Section C1-33-05 provides guidance to detention staff and states that a Maintenance Manager should "develop a Housekeeping Plan that includes: that all facility floors be kept clean, dry, and free of hazardous substances."

68. The United States denies the allegations in Paragraph 68.

69. The United States denies the allegations in Paragraph 69. When Yellow Bird-Chase asked about the pill bottles she had when she arrived at the detention center, she was told she could not have them because one bottle was expired and the other contained three different kinds of pills.

70. The United States admits the allegations in Paragraph 70. BIA OJS Corrections Handbook Section C2-53-01(A) provides guidance to detention staff related to prescription medication and states that "Upon approval by a pharmacist, original prescription medications may be administered as directed by the prescribed health care provider." BIA OJS Corrections Handbook Section C2-53-01(A) states that "Medications in original prescription bottles which

are legally prescribed to the inmate will be stored with his/her property and returned to the inmate when released."

71.     The United States denies the allegations in Paragraph 71. BIA OJS Corrections Handbook Section C1-34-09(D) states that if any inmate is intoxicated, "the Admissions Officer will notify the Food Service Staff to keep the meals for the intoxicated inmate in the chill box until the inmate is sober enough to eat." BIA OJS Corrections Handbook Section C1-34-10(D)(1) provides that "Inmates shall not go over 14 hours without a meal" During her time in the detox cell, which was less than 14 hours, Yellow Bird-Chase was offered two meals.

72.     The United States admits that BIA OJS Corrections Handbook Section C1-34-09(E) provides guidance to detention staff related to Non-Mealtime Meal Distribution, stating that "When an inmate misses mealtime due to court, medical appointment, etc., the On Duty Supervisor will call Food Service Staff via intercom, and order a bagged meal." The United States denies the remaining allegations in Paragraph 72.

73.     The United States denies that the floor was filthy and cold. The United States lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 73. The United States further states that Yellow Bird-Chase was provided a blanket while in Cell #11 Female Detox.

74.     The United States denies the allegations in Paragraph 74. Beginning at 12:47 p.m. on February 6, a portable breathalyzer test was conducted on Yellow Bird-Chase, she was allowed to shower at 12:52 p.m., and after the shower she was moved to cell 10. There were two other inmates in cell 10. At about 1:00 p.m. on February 7, Yellow Bird-Chase was moved from cell 10 to cell 13. There were six other inmates in cell 13.

75.     The United States admits the allegations in Paragraph 75. Cell 13, where Yellow Bird-Chase was lodged, has 4 beds to house 4 inmates.

76.     The United States admits the allegations in Paragraph 76. There were seven inmates in cell 13, including Yellow Bird-Chase.

77.     The United States admits the allegations in Paragraph 77. Weekend arrests are unpredictable and the jail is sometimes over capacity if numerous arrests are made, including the weekend Yellow Bird-Chase was housed there. Following court appearances on Monday, transfers are made to other BIA facilities to alleviate overcrowding as necessary.

78.     The United States admits that Yellow Bird-Chase was released from Standing Rock Detention Center on February 8, 2021, and that the court form was marked with an x next to the reason "Other: Complaint Not Approved."

79.     The United States denies the allegations in Paragraph 79.

80.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     The United States denies that Yellow Bird-Chase suffered abuse at the Standing Rock Detention Center, and that her treatment there caused severe distress for months. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 81.

82.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.     The United States denies the allegations in Paragraph 90.

91.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98.     The United States denies that Yellow Bird-Chase was abused at the Standing Rock Detention Center. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98.

99.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

## CAUSES OF ACTION UNDER FEDERAL TORT CLAIMS ACT 28 U.S.C. §2674

104.    The United States realleges its responses to Paragraphs 1 through 103, above, and further states that all of the allegations in Paragraphs 1 through 104 are denied unless expressly admitted, qualified, or otherwise explained.

105.    Paragraph 105 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 105.

106.    The United States denies the allegations in Paragraph 106.

107.    The United States denies the allegations in Paragraph 107.

108.    Paragraph 108 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 108.

109.    The United States admits the allegations in Paragraph 109. BIA OJS Corrections Handbook Section C2-20-03(D) provides guidance to detention staff related to strip searches that occur during booking and states that such strip searches should occur in a "private area" and be conducted by a staff member of the same gender for women being searched.

110.    The United States denies the allegations in Paragraph 110.

111.    The United States denies the allegations in Paragraph 111.

112.    The United States denies the allegations in Paragraph 112.

**COUNT I – Federal Tort Claims Act - Assault**

113.    The United States realleges its responses to Paragraphs 1 through 112, above, and further states that all of the allegations in Paragraphs 1 through 113 are denied unless expressly admitted, qualified, or otherwise explained.

114.    The United States denies the allegations in Paragraph 114.

115.    The United States admits that Yellow Bird-Chase was asked to remove all of her clothing as part of a search in a private room with one female correctional officer present and

one female correctional officer standing outside the mostly closed door to the private room. The United States denies the remaining allegations in Paragraph 115.

116.    The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for purposes of 28 U.S.C. 2680(h).

117.    Paragraph 117 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 117.

118.    The United States denies that Yellow Bird-Chase suffered any abuse while incarcerated at the Standing Rock detention facility.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 118.

119.    The United States denies the allegations in Paragraph 119.

120.    The United States denies the allegations in Paragraph 120.

## COUNT II – Federal Tort Claims Act – Battery

121.    The United States realleges its responses to Paragraphs 1 through 120, above, and further states that all of the allegations in Paragraphs 1 through 121 are denied unless expressly admitted, qualified, or otherwise explained.

122.    The United States denies the allegations in Paragraph 122.

123.    The United States admits that Yellow Bird-Chase was asked to remove all of her clothing as part of a search in a private room with one female correctional officer present and

one female correctional officer standing outside the mostly closed door to the private room.  The United States denies the remaining allegations in Paragraph 123.

124.    The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

125.    Paragraph 125 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 125.

126.    The United States denies the allegations in Paragraph 126.

**COUNT III – Federal Tort Claims Act – Intentional Infliction of Emotional Distress**

127.    The United States realleges its responses to Paragraphs 1 through 126, above, and further states that all of the allegations in Paragraphs 1 through 127 are denied unless expressly admitted, qualified, or otherwise explained.

128.    The United States denies the allegations in Paragraph 128.

129.    The United States denies the allegations in Paragraph 129, including all subparts.

130.    The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

131.    Paragraph 131 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 131.

15

132.    The United States denies that Yellow Bird-Chase suffered any abuse while incarcerated at the Standing Rock detention facility.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132.

133.    The United States denies the allegations in Paragraph 133.

134.    The United States denies the allegations in Paragraph 134.

**COUNT IV – Federal Tort Claims Act – Negligent Infliction of Emotional Distress**

135.    The United States realleges its responses to Paragraphs 1 through 134, above, and further states that all of the allegations in Paragraphs 1 through 135 are denied unless expressly admitted, qualified, or otherwise explained.

136.    The United States denies the allegations in Paragraph 136.

137.    The United States denies the allegations in Paragraph 137, including all subparts.

138.    The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

139.    Paragraph 139 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 139.

140.    The United States denies that Yellow Bird-Chase suffered any abuse while incarcerated at the Standing Rock detention facility.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140.

141.     The United States denies the allegations in Paragraph 141.

142.     The United States denies the allegations in Paragraph 142.

### COUNT V – Federal Tort Claims Act – Intrusion Upon Seclusion

143.     The United States realleges its responses to Paragraphs 1 through 142, above, and further states that all of the allegations in Paragraphs 1 through 143 are denied unless expressly admitted, qualified, or otherwise explained.

144.     The United States denies the allegations in Paragraph 144.

145.     The United States denies the allegations in Paragraph 145.

146.     The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

147.     Paragraph 147 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 147.

148.     The United States denies the allegations in Paragraph 148.

### COUNT VI – Federal Tort Claims Act – Negligence

149.     The United States realleges its responses to Paragraphs 1 through 148, above, and further states that all of the allegations in Paragraphs 1 through 149 are denied unless expressly admitted, qualified, or otherwise explained.

150.     The United States denies the allegations in Paragraph 150, including all subparts.

151.     The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope

of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

152.     Paragraph 152 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 152.

153.     The United States denies the allegations in Paragraph 153.

154.     The United States denies the allegations in Paragraph 154.

## COUNT VII – Federal Tort Claims Act – Conversion

155.     The United States realleges its responses to Paragraphs 1 through 154, above, and further states that all of the allegations in Paragraphs 1 through 155 are denied unless expressly admitted, qualified, or otherwise explained.

156.     The United States admits that at the time of her arrest, Yellow Bird-Chase possessed a certain amount of cash, marijuana, and pills that were expired and/or improperly labeled. The United States denies the remaining allegations in Paragraph 156.

157.     The United States admits that Yellow Bird-Chase was released from Standing Rock Detention Center on February 8, 2021, and that the court from was marked with an x next to the reason "Other: Complaint Not Approved."

158.     The United Stated admits that the pill bottles in Yellow Bird-Chase's possession were kept by the detention facility because one bottle was expired and the other bottle contained three different kinds of pills. The United States denies the remaining allegations in Paragraph 158.

159.     The United States denies the allegations in Paragraph 159.

160.     The United States admits that the correctional officers who were present in the detention center when Yellow Bird-Chase was booked and searched were acting within the scope of their employment.  The United States denies that the correctional officers are considered federal investigative or law enforcement officers for the purposes of 28 U.S.C. 2680(h).

161.     Paragraph 161 contains statements of either law or jurisdiction which do not require a response. To the extent a response is required, the United States denies the allegations in Paragraph 161.

162.     The United States denies that Yellow Bird-Chase suffered abuse while detained at the Standing Rock Detention Center. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 162.

163.     The United States denies the allegations in Paragraph 163.

164.     The United States denies the allegations in Paragraph 164.

165.     The Complaint includes a Prayer for Relief to which no response is required.  To the extent a response is deemed necessary, the United States denies the same.

## **AFFIRMATIVE DEFENSES**

1.     This Court lacks jurisdiction over the subject matter of the action. The correctional officers who are alleged to have committed the tortious conduct outlined in the Complaint are not investigative or law enforcement officers under the FTCA. 28 U.S.C. § 2680(h). In addition, some, or all, of Yellow Bird-Chase's claims are barred by the discretionary function exception to the FTCA. 28 U.S.C. § 2680(a).

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The Complaint does not allege a negligent or wrongful act by an employee of the United States.

19

4.      The United States, through its employees and agents, acted with due care and diligence at all relevant times.  28 U.S.C. § 2680(a).

5.      No acts or omissions by the United States were the proximate cause of any injury to the Yellow Bird-Chase.

6.      Yellow Bird-Chase cannot recover for both an intentional tort claim and a negligent tort claim premised on the same conduct.

7.      If the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Yellow Bird-Chases' alleged injury, cutting off the legal effect of the United States' negligence.

8.      If the United States is found to have been negligent, which negligence is denied, the negligence of the Yellow Bird-Chases was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

9.      Yellow Bird-Chase is not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

10.     Yellow Bird-Chase's injuries, damages, and losses, if any, were not proximately caused by the negligence or negligence per se of any employee of the United States acting within the scope and course of his or her employment.

11.     Yellow Bird-Chase's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

12.     Yellow Bird-Chase's recovery, if any, is limited to the amount sought by her administratively.  28 U.S.C. § 2675(b).

13.     Yellow Bird-Chase's injuries, damages, and losses, if any, were solely and proximately caused by their own negligence, carelessness, or recklessness.

14.     Yellow Bird-Chase's recovery, if any, may be diminished or barred by the comparative fault of Yellow Bird-Chases and/or the fault of of non-parties.

15.     To the extent, if any, Yellow Bird-Chase failed to mitigate her damages, recovery should be reduced.

16.     The United States avers that recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf Yellow Bird-Chases by any federal agency.

17.     Pursuant to 28 U.S.C. § 2412(d)(1)(A), Yellow Bird-Chase cannot recover attorney's fees. Pursuant to 28 U.S.C. § 2678 attorney fees are specifically limited to 25% of any judgment rendered or settlement made, and any attorney who charges, demands, or receives, or collects more than is statutorily allowed shall be fined or imprisoned or both.

18.     Pursuant to 28 U.S.C. § 2674, Yellow Bird-Chase is prohibited from recovering any amount of pre-judgment interest or punitive damages against the United States.

19.     To the extent, if any, the Court enters a money judgment against the United States, Yellow Bird-Chase is entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

20.     The United States may have additional defenses which are not yet known but which may become known through discovery. The United States asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment as follows:

1.      For the Complaint to be dismissed with prejudice, denying Yellow Bird-Chase all of the relief sought in the Complaint.

2.      For the United States to be granted its costs and disbursements in this action, together with such other relief as the Court may deem just and proper.

Dated:  December 6, 2022

                              JENNIFER KLEMETSRUD PUHL
                              United States Attorney

               By:    /s/ Michael D. Schoepf
                              MICHAEL D. SCHOEPF
                              Assistant United States Attorney
                              ND Bar ID 07076
                              P.O. Box 699
                              Bismarck, ND  58502-0699
                              (701) 530-2420
                              michael.schoepf@usdoj.gov

                              MELISSA HELEN BURKLAND
                              Assistant United States Attorney
                              WI Bar ID 1071443
                              655 First Avenue North, Suite 250
                              Fargo, ND  58102-4932
                              (701) 297-7400
                              melissa.burkland@usdoj.gov

                              Attorneys for the United States