UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LISSA YELLOW BIRD-CHASE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:22-cv-00156-DMT-CRH<br><br>**LEGAL MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DEADLINES BY 60 DAYS** |

The Plaintiff, Lissa Yellow Bird-Chase, submits this Legal Memorandum in Support of her Motion to Extend Deadlines by 60 Days pursuant to Federal Rule of Civil Procedure 6 (b)(1)(A) and North Dakota Local Rule 7.1(B) (requiring a party filing any non-dispositive motion to also "contemporaneously serve and file a memorandum in support not to exceed twenty (20) pages").

## **FACTS**

On January 10, 2023, this Court approved and adopted the parties' scheduling and discovery plan without additions or modifications. (ECF No. 15 at 10). Under this order, Plaintiff's deadline to file motions to join additional parties and to amend pleadings is this Friday, April 21, 2023. (*Id.* at 7).

Plaintiff's counsel has filed a motion to withdraw as counsel for Plaintiff. (*See* ECF Nos. 23, 24, 25.) For the reason set forth in that motion and accompanying papers, Plaintiff's counsel were not able to file the motion to withdraw until today. (*See* ECF Nos. 23, 24, 25.) And, as set forth in that motion and accompanying papers, Plaintiff's counsel do not know whether Plaintiff intends to proceed with this case—whether pro se or with other counsel. (*See* ECF Nos. 23, 24,

25.)

For these reasons, and given counsel's continuing duty to represent Plaintiff until such time as their motion to withdraw is granted, Plaintiff respectfully requests that the Court extend all deadlines in this matter by sixty days to allow new counsel, if any is so chosen, to review the file and decided on the next course of action.

## ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the Court may, for good cause, extend the time …." "The scheduling order may ... set dates for pretrial conferences and for trial[.]" Fed. R. Civ. P. 16(b)(3)(B)(i), (vi). A "district court has broad discretion in establishing and enforcing the deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). However, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Marmo*, 457 F.3d at 759. In other words, the "good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "To establish good cause, a party must show its diligence in attempting to meet the progression order." *Marmo*, 457 F.3d at 759. And when "a party moves for an extension before the original time expires, motions to extend are to be liberally permitted." *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2019 WL 4082945, at *2 (D. Minn. Aug. 29, 2019) (internal citations and quotations omitted).

Here, the motion is being filed prior to the deadline of April 21, 2023 to amend pleadings and add additional parties. As explained in the declarations of counsel accompanying the motion to withdraw, counsel diligently reviewed relevant discovery when it was received and promptly met with Plaintiff. Thereafter, because additional questions arose, discovery was limited by counsel to those facts necessary to determine the next course of action in the case. In preparing

for a limited deposition and meeting with Plaintiff on April 11, 2023 and on April 12, 2023, counsel determined that a change in course was required. This, along with communications being rendered unreasonably difficult with the Plaintiff, has implicated professional conduct and ethical rules necessitating withdrawal of counsel. Plaintiff would be potentially prejudiced if the motion to extend deadlines were not granted.

Counsel is unable to amend the Complaint by Friday as their ethical considerations and rules of professional conduct prohibit them from doing so and they have sought to withdraw as a result. Diligent efforts to meet all deadlines have been made by counsel and good cause exists to extend all deadlines by 60 days.

## CONCLUSION

Plaintiff respectfully requests the Court enter an Order extending all deadlines in the case by 60 days.

Dated this 20th day of April, 2023.   **NICHOLS KASTER, PLLP**
/s/ *Anna P. Prakash*
Brock J. Specht, MN Bar No. 0388343
Anna P. Prakash, MN Bar No. 0351362
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 338-4878
bspecht@nka.com
aprakash@nka.com

**NICHOLS KASTER, LLP**
Matthew C. Helland CA Bar No. 250451
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
helland@nka.com

**AMERICAN CIVIL LIBERTIES UNION OF NORTH DAKOTA**

Stephanie Amiotte, SD Bar No. 3116*
Andrew Malone, SD Bar No. 5186*
P.O Box 91952
Sioux Falls, SD 57109
605-332-2508
samiotte@aclu.org
amalone@aclu.org

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of April, 2023, I electronically filed the foregoing motion with Clerk for the Court for the United States District Court for the District of North Dakota using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Additionally, I certify that I also served a copy of the foregoing on Plaintiff Lissa Yellow-Bird Chase by U.S. Mail and by email at:

> Lissa Yellow Bird-Chase
> 1402 Bitter Root St, #10
> White Shield, ND 58540
> sahnishscouts@gmail.com

This 20th day of April, 2023.

*/s/ Anna P. Prakash*
Anna P. Prakash