## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Lissa Yellow Bird-Chase, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| ) | **WITHDRAW AND TO EXTEND** |
| vs. ) | **PRETRIAL DEADLINES** |
| ) | |
| United States of America, ) | Case No. 1:22-cv-156 |
| ) | |
| Defendant. ) | |

Before the court are a motion to withdraw and a motion to extend all pretrial deadlines filed by Plaintiff's counsel on April 20, 2023. For the reasons that follow, the motions are granted.

I.   **BACKGROUND**

Plaintiff initiated this action by Complaint on September 28, 2022, claiming, among other things, that she was assaulted and otherwise mistreated while in Bureau of Indian Affairs custody at the Standing Rock Detention Center and deprived of her personal property upon her release. (Doc. No. 1).

On April 20, 2023, Plaintiff's counsel filed motions to withdraw and to extend all pretrial deadlines by sixty days. (Doc. Nos. 23 and 26). They seek leave to withdraw in light of information they recently acquired through discovery, privileged information they acquired during their review of this discovery, and a recent breakdown in attorney-client communications. They also seek an extension of the pretrial deadlines so that Plaintiff will have time to find new counsel.

On May 4, 2023, the United States filed a response in opposition to the motions filed by Plaintiffs' counsel. (Doc. No. 30). It asserts that Plaintiffs' counsel has not made the requisite showing of good cause to warrant either their withdrawal or an extension of the pretrial deadlines.

1

On May 9, 2023, Plaintiff's counsel filed a reply in support of their motions. (Doc. No. 33).

On May 22, 2023, the Court held a mid-discovery status conference during which it had a discussion about the pending motions with Plaintiff's counsel and the United States. (Doc. No. 34).

## II.   DISCUSSION

This district's local rules provide the following in relevant part with respect to attorney withdrawals when there is no ready substitute:

> An attorney who has appeared as attorney of record in a case and is seeking to withdraw from the case must serve and file a motion to withdraw, establishing good cause for withdrawing. The attorney seeking to withdraw must also serve his or her client with the motion. The attorney seeking to withdraw is not relieved of his or her duties to the court, the client, or to an opposing attorney until the court has granted the motion to withdraw.

D.N.D. Gen. L.R. 1.3(F).

Plaintiff's counsel maintains that it has good cause to withdraw as "continued representation has been rendered unreasonably difficult, may require action [they have] a fundamental disagreement with, and may result in a violation of the rules of professional conduct" given what they have gleaned from recent discovery provided by the United States. They rely in part on North Dakota Rules of Professional Conduct 1.16 and 3.1. Rule 1.16 provides that a "lawyer *shall not* represent a client or, where representation has commenced, shall seek to withdraw from the representation of a client if . . . the lawyer reasonably believes that the representation *will* result in violation of these Rules or other law." North Dakota Rule of Professional Conduct 1.16(a) (emphasis added). It further provides that a "a lawyer *may* withdraw from representing a client if . . . a client insists upon pursuing objectives or means . . . with which the lawyer has a fundamental disagreement . . . [,] the representation has been rendered

2

unreasonably difficult by the client . . . [,] or . . . other good cause for withdrawal exists." North Dakota Rule of Professional Conduct 1.16(b) (emphasis added).  Rule 3.1 provides that a "lawyer *shall not* bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous." North Dakota Rule of Professional Conduct 3.1 (emphasis added).

In response, the United States makes the following assertions.  First, it has produced surveillance videos and other evidence that contradicts most if not all of the allegations made by Plaintiff in her Complaint and, having now reviewed this evidence, Plaintiff's counsel wants out.  Second, while Plaintiff's counsel has admittedly articulated a basis for permissive withdrawal, they have not demonstrated an entitlement to mandatory withdrawal as they have only asserted that their continued representation of Plaintiff *may* violate the rules or professional conduct or other law.  Third, Plaintiff's counsel have not made the requisite showing of good cause under Fed. R. Civ. P. 16(b)(4) to warrant an extension of all pretrial deadlines and that Plaintiff should not be given the benefit of an extension without any requirement that she take action to advance her case in the interim.  Finally, if Plaintiff's counsel is authorized to withdraw, they should first be required to "present a plan for moving the case forward, including a plan for whether [Plaintiff] intends to pursue this case, a plan for whether [Plaintiff] will retain new counsel, and a plan for filing an amended complaint." (Doc. No. 30).

In reply, Plaintiff's counsel asserts that their presentation of a plan as requested by the United States is a nonstarter and that their withdrawal is required given their present lack of communication with Plaintiff, the rules of professional conduct, and their obligations under Fed. R. Civ. P. 11(b).  Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party

    certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." <u>AB Tours LLC, Plaintiff, v. ABC Bus Leasing, Inc., Defendant</u>., No. CV 21-1376 (ECT/BRT), 2021 WL 10395829, at *1 (D. Minn. Dec. 13, 2021).  "Courts typically evaluate the impact of the withdrawal on the parties' interests and the progress of the action."  <u>Id.</u>

    The court is mindful of the United States' concern that this action will stagnate should Plaintiff's counsel be allowed to withdraw without a plan or substitute counsel in place.  The court also appreciates the difficult situation in which Plaintiff's counsel find themselves.  Plaintiff's counsel have a noncommunicative and apparently unreceptive client to whom they owe a duty.  They are endeavoring to balance this duty with their ethical obligations and obligations as officers of the court.

    Based upon the information provided by Plaintiff's counsel, the court shall permit them to withdraw. First, Plaintiff has been served by Plaintiffs' counsel with a copy of their motion to

withdraw and has not voiced any objection to it. Second, Plaintiff's counsels' inability to adequately communicate with Plaintiff prevents them from taking any meaningful action on behalf of Plaintiff going forward. This lack of communication coupled with the Plaintiff's counsels' ethical and Rule 11 concerns constitutes, in the court's view, good cause under Local Rule 1.5(F) and Fed. R. Civ. P. 16(b)(4) to withdraw and extend the pretrial deadlines. It seems doubtful that the United States would find any plan acceptable that does not include a reevaluation and voluntary dismissal of some or all of Plaintiff's claims. However, as Plaintiffs' counsel have pointed out, they cannot take any action without Plaintiff's consent and Plaintiff is not presently communicating with them.

Allowing Plaintiffs' counsel to withdraw and extending the pretrial deadlines may create some inconvenience in the short term for the United States. However, it will not unduly prejudice the United States as the United States has extensive experience dealing with self-represented litigants and can file a dispostive motion prior to any deadline that the court may set and regardless of whether Plaintiff has counsel or is self-represented.

### III. CONCLUSION

The court **GRANTS** Plaintiffs' counsel's motions to withdraw and extend all pretrial deadlines (Doc. Nos. 23 and 26). The pretrial deadlines shall be amended as follows:

(1) Motions to join additional parties and to amend the pleadings are due by July 7, 2023.

(2) All fact discovery will be completed by September 13, 2023, with all discovery pursuant to Rules 33, 34, and 36 to be served a minimum of thirty-three (33) days before the deadline.

(3) Discovery motions are due by September 29, 2023.

(4) The deadlines for exchanging complete expert witness reports are as follows:

    a. Plaintiff – October 13, 2023;

    b. Defendant – November 28, 2023; and

    c. Rebuttal – December 29, 2023.

(5) The parties shall have until February 20, 2024, to complete discovery depositions of expert witnesses.

(6) Nondispositive motions are due by September 19, 2023.

(7) Dispositive motions are due by March 12, 2024.

The Clerk's office shall send a copy of this order to Plaintiff at the address provided by Plaintiffs' counsel.  Plaintiff shall file a status report with the court by June 19, 2023, advising what efforts she is undertaking to obtain substitute counsel or whether she intends to represent herself in this matter.  Plaintiff should take heed that a self-represented litigant is not excused from complying with Court orders or substantive and procedural law "even without affirmative notice of the application of the rules to [her] case."  Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

    **IT IS SO ORDERED.**

    Dated this 23rd day of May, 2023.

                                       /s/ Clare R. Hochhalter
                                       Clare R. Hochhalter, Magistrate Judge
                                       United States District Court