## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Lissa Yellow Bird-Chase | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, | ) | Case No.: 1:22-cv-00156 |
| | ) | |
| Defendant. | ) | |

Before the court is a *Motion for Leave to File Further Redacted Exhibits and to Lift Seal* filed by the United States on March 4, 2024. (Doc. No. 39). The court previously granted the United States' *Motion for Leave to File Under Seal* on May 4, 2023, allowing the United States to file the following under seal. (Doc. No. 29).

a. Doc. No. 31: Yellow Bird-Chase Booking Video

b. Doc. No. 31-2 Standing Rock Detention Center Inmate File

c. Doc. No. 31-3: Security Bag Log

d. Doc. No. 31-4: Standing Rock Detention Center Daily Log

e. Doc. No. 31-5: Standing Rock Evidence Log

f. Doc. No. 31-6: Memo from Lead Corrections Officer

g. Doc. No. 31-7: Memo from Corrections Officer

The court also issued a Protective Order containing terms agreed on by the parties. (Doc. No. 20). The United States now requests the court allow it to file further redacted documents as well as unseal these documents. The United States argues for leave to file and that the seal be lifted as public interest outweighs any interest Plaintiff Lissa Yellow Bird-Chase ("Plaintiff") maintains in keeping the aforementioned documents private. They assert that Plaintiff has continued to use her

status as a public figure to influence public accounts of this matter and falsely claim she was mistreated while in the custody of the Bureau of Indian Affairs. (Doc. No. 39 at 2). Accordingly, it has submitted the following exhibits, which constitute further redacted versions of the documents now under seal.

a. Exhibit 1R: Yellow Bird-Chase Booking Video

b. Exhibit 3R: Standing Rock Detention Center Inmate File

c. Exhibit 4R: Security Bag Log

d. Exhibit 5R: Standing Rock Detention Center Daily Log

e. Exhibit 6R: Standing Rock Evidence Log

f. Exhibit 7R: Memo from Lead Corrections Officer

g. Exhibit 8R: Memo from Corrections Officer

The original documents were redacted to remove the names of arrestees and other sensitive information but included identities of corrections officers and law enforcement officers. These proposed exhibits are further redacted to protect the identities of officers who arrested and processed Plaintiff.

Under the Privacy Act, "[n]o agency shall disclose any record which is contained in a system or records by any means of communication to any person, or to another agency… unless disclosure of the record would be pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). However, there is "a common law right of access to judicial records." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (1990) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). This right to inspect and copy judicial records is not an absolute one. *Nixon*, 435 U.S. at 598. "When determining the propriety of making sealed records available to the public, a court must make a sensitive, fact-based inquiry into the

competing interests favoring and militating against disclosure." *United States v. Rodriguez*, No. 2:04-CR-55, 2006 WL 8438032, at *1 (D.N.D. Nov. 27, 2006) (quoting *United States v. Andreas*, 150 F.3d 766, 769-70 (7th Cir. 1998)) (internal quotation marks omitted).

The United States is not seeking to unseal all exhibits of record, arguing the video at Doc. No. 31-1 should remain under seal due to it containing particularly sensitive information. (Doc. No. 39 at 4). Moreover, the United States asserts that because Plaintiff is questioning the availability of evidence, the evidence should be open to the public, and the court can balance privacy and safety by allowing involved officer names and faces to be redacted from the Proposed Unsealed Exhibits. (*Id.* at 4-5). Based on the information provided to the court pertaining to the public's interest in this matter and Plaintiff's continued discussion surrounding availability of the evidence, the court finds it appropriate to allow the United States leave to file the further redacted exhibits. Accordingly, the court **GRANTS** the United States' motion. (Doc. No. 39). The existing exhibits shall remain under seal. The United States is authorized to file the further redacted copies of the exhibits labeled 1R-8R.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2024.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court